IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Ameca Gargani, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 16 C 50321 |
| | ) | |
| vs. | ) | |
| | ) | |
| Servicom - LLC | ) | Judge Philip G. Reinhard |
| | ) | |
| Defendant. | ) | |

## ORDER

For the reasons stated below, defendant's motion [39] for summary judgment is granted. Judgment is entered in favor of defendant and against plaintiff. This case is terminated.

## STATEMENT-OPINION

Plaintiff, Ameca Gargani, pro se, brings this action against her former employer, Servicom LLC, claiming she was discriminated against in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112 et seq. Plaintiff filed a pre-printed form complaint in which she checked the boxes which allege defendant terminated her employment, failed to reasonably accommodate her disabilities, failed to stop harassment, and retaliated against her because she did something to assert rights under the ADA. In the section of the complaint provided for supplying facts supporting her discrimination she wrote: "I was always being attack at work by the employees for following management rules, it was putting my safety in danger. I would say something when rules were not being followed as in committing telephone fraud. I went on FMLA for a pregnancy and was terminated while on FMLA." Defendant moves for summary judgment [39].

Plaintiff has not complied with LR56.1(b). She has not filed a memorandum of law in opposition to summary judgment as required by LR56.1(b)(2). The failure to file this required memorandum is a sufficient basis on its own to grant summary judgment to defendant. Nowak v. Transportation Joint Agreement of Community Consolidated School District No. 47, 255 Fed. Appx. 85, 87 (7th Cir. 2007). Compounding the problem, plaintiff has not filed a response to defendant's LR56.1(a)(3) statement of facts as required by LR56.1(b)(3)(A), nor a statement of additional facts pursuant to LR56.1(b)(3)(B). Thus, she has not offered any facts or offered any legal argument to support any claim, on any theory, against defendant.

The facts in defendant's LR56.1(a)(3) statement are deemed admitted. LR56.1(b)(3)(B). Plaintiff was granted FMLA leave for her pregnancy. The leave granted was continuous from

1

November 23, 2015 through February 9, 2016. Plaintiff was advised that her return to work date would be February 9, 2016. Plaintiff gave birth on January 5, 2016. Plaintiff did not return to work on February 9, 2016 at the conclusion of her FMLA leave. Plaintiff returned to defendant on March 8, 2016. Plaintiff was terminated because she did not return to work after her leave expired. Plaintiff was notified of her termination on March 11, 2016.

In her complaint plaintiff alleges she "went on FMLA for a pregnancy and was terminated while on FMLA." However, the undisputed evidence submitted by defendant shows plaintiff took her entire FMLA leave, did not return to work when the leave was completed, and was terminated after that because of her failure to return to work at the appointed time. She presents no evidence that defendant failed to reasonably accommodate any claimed disabilities or retaliated against her because she did something to assert rights under the ADA. She presents no evidence of disability-based harassment or of any other type of harassment.

"As the 'put up or shut up' moment in a lawsuit, summary judgment requires a non-moving party to respond to the moving party's properly-supported motion by identifying specific, admissible evidence showing that there is a genuine dispute of material fact for trial. Such a dispute exists when there is sufficient evidence favoring the non-moving party to permit a trier of fact to make a finding in the non-moving party's favor as to any issue for which it bears the burden of proof." Grant v. Trustees of Indiana Univ., 870 F.3d 562, 568 (7th Cir. 2017) (quotation marks and citations omitted). "It is not the duty of the court to scour the record in search of evidence to defeat a motion for summary judgment." Harney v. Speedway SuperAmerica, LLC, 526 F.3d 1099, 1104 (7th Cir. 2008). Plaintiff's failure to comply with LR56.1 leaves her with no basis to overcome defendant's summary judgment motion.

For the foregoing reasons, defendant's motion [39] for summary judgment is granted. Judgment is entered in favor of defendant and against plaintiff. This case is terminated.

Date: 3/23/2018  ENTER:

*Philip G. Reinhard*
United States District Court Judge

Notices mailed by Judicial Staff. (LC)

2